# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

ALPHONSO JONES, )
)
Plaintiff, )
)
v. ) No. 4:08-CV-1114-CEJ
)
ANGIE DONN-HENDERSON, et al., )
)
Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Alphonso Jones (registration no. 504080), who is currently confined at the St. Louis Community Release Center, for leave to commence this action without payment of the required filing fee [Doc. #2].

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly

payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff states that the St. Louis Community Release Center does not have prisoner trust fund accounts, and therefore, he is unable to submit a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. In light of these facts, and because the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court will not assess an partial filing fee at this time.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983. Named as defendants are St. Louis Community Release Center ("SLCRC") employees Angie Dodd-Henderson, Cynthia Venerable, John D'Alessandro, Chris Sarchett, Don Arias, John Young, and Janet Schneider. The complaint seeks monetary relief. Plaintiff alleges that his probation officer gave information to the SLCRC, stating that plaintiff was "required . . . to be released to go to work and school"; however, SLCRC has refused to allow plaintiff to do this. Plaintiff alleges that as a result of defendants' actions, he lost his job and dropped out of school "which put [him] behind in all [his] bills."

## Discussion

Having carefully reviewed the complaint, the Court concludes that this action is legally frivolous, because plaintiff has failed to assert any facts showing a violation of a constitutional right. Thus, the complaint fails to state a claim or cause of action under § 1983.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **granted**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #3] is **denied as moot**.

An order of dismissal shall accompany this Memorandum and Order.

Dated this 6th day of August, 2008.

_____
UNITED STATES DISTRICT JUDGE